IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| STELLA REEVES, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 24-796-BAH |
| MARYLAND DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE ADMINISTRATION, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM & ORDER**

Plaintiff Stella Reeves ("Plaintiff") brought suit against her former employer, the Motor Vehicle Administration ("Defendant") of the Maryland Department of Transportation, alleging retaliation under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and intentional infliction of emotional distress ("IIED"). ECF 1. In a prior lawsuit filed on July 26, 2023, Plaintiff brought the same claims alleging the same facts. *See Reeves v. Md. Dep't of Trans., Motor Vehicle Admin.*, Civ. No. 23-2017-BAH ("*Reeves I*"). In the operative complaint in *Reeves I*, Plaintiff alleged that she had exhausted administrative remedies by issuance of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter dated April 28, 2023. *Reeves I*, ECF 3, at 2 ¶ 6.[1] The complaint also made clear that Plaintiff filed two separate EEOC charges of discrimination: one on March 24, 2023, and a second on June 21, 2023. *Id.* at 7 ¶ 60, 11 ¶ 71. On October 3, 2023, Defendant filed a motion to dismiss, in part, for Plaintiff's failure to exhaust

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page. Unless otherwise specified, citations to ECF documents refer to those documents in this action (Civ. No. 24-796-BAH).

administrative remedies for alleging retaliation that occurred after the filing of her March 2023 EEOC charge. *Reeves I*, ECF 17.

On March 18, 2024, while Defendant's motion to dismiss in *Reeves I* was pending, Plaintiff filed the present suit after receiving a second right-to-sue letter from the EEOC on December 19, 2023. ECF 1, at 2–3 ¶¶ 9–10. The complaint incorporated by reference all the factual allegations of the *Reeves I* action, alleged word-for-word the same Title VII retaliation and IIED counts and requested the case be consolidated with *Reeves I*. *Compare* ECF 1, *with Reeves I*, ECF 3. The complaint states that "[t]his civil action is related to District Court of Maryland Case No. 8:23-cv-2017." ECF 1, at 2 ¶ 2. The complaint explains further that in *Reeves I* there was a pending motion to dismiss where "[Plaintiff] sought leave of Court to file an amended complaint regarding Charge 2 when the Right-to-Sue letter was received," but "[t]he Court has not yet ruled on this motion and response, so Plaintiff files the instant action." *Id.* ¶ 9. On May 3, 2024, Defendant moved to dismiss the complaint for failure to state a claim, ECF 5, which remains pending.

On July 1, 2024, in *Reeves I*, this Court resolved the issue of administrative exhaustion in a memorandum opinion granting in part and denying in part Defendant's motion to dismiss. *Reeves I*, ECF 21. The Court found that Plaintiff's Title VII retaliation claim was administratively exhausted by Plaintiff's March 2023 EEOC charge because "the allegations in Plaintiff's complaint could be 'reasonably expected' to be uncovered 'by the scope of [an] administrative investigation' based upon her first EEOC charge" for which she had received a right-to-sue letter prior to the filing of her complaint. *Id.* at 13 (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)). As such, Defendant's arguments in its motion dismiss in this case, ECF 5, have already been addressed and resolved in *Reeves I* and Plaintiff need not have filed this lawsuit to maintain her Title VII claim based on the June 2023 EEOC charge.

Accordingly, it is this 12th day of March, 2025, ORDERED that:

(1) Defendant's motion to dismiss, ECF 5, is DENIED AS MOOT;

(2) The above-captioned case is FULLY CONSOLIDATED under Civ. No. 23-2017-BAH; and

(3) The Clerk is directed to CLOSE this case and MAIL a copy of this memorandum and order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge